DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Roy V. Tarver, ) | |
| ) | CASE NO. 1:06CR0594 |
| Defendant-Petitioner, ) | 1:10CV0559 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| United States of America ) | |
| ) | |
| Plaintiff Respondent. ) | |
| ) | |

On March 16, 2010, Roy V. Tarver ("Petitioner") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1206.) The basis of Petitioner's claim is the ineffective assistance of his counsel at trial and on appeal, and Petitioner requests that the Court vacate his sentence and remand the case for resentencing. (Doc. No. 1206-1 at 23.) On April 14, 2010, the government filed a brief in opposition to Petitioner's motion. (Doc. No. 1210.)

**I. Background**

On March 9, 2007, Petitioner entered a guilty plea to an indictment charging him with six counts stemming from Petitioner's involvement in a conspiracy to possess with the intent to distribute and to distribute cocaine base and cocaine. (*Id.* at 2-3.) In accordance with his plea agreement, Petitioner acknowledged his guilt on two counts. First, Petitioner pled guilty to Count 1, Conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A) and 846. (*Id.* at 2.) Petitioner also pled guilty to Count 91, Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*Id.*) The government's indictment of Petitioner on Count 91 was based upon two prior convictions of crimes punishable by

imprisonment for terms exceeding one year: attempted drug trafficking with violence specifications, O.R.C. § 2923.02/2925.03, case number CR334239 in the Cuyahoga County Court of Common Pleas, and drug trafficking, O.R.C. § 2925.03, case number CR334239 in the same court. (*Id* at 4.)  The government dismissed Counts 67, 88, 89, and 90 of the indictment pursuant to the plea agreement. (*Id.* at 2-3.)

On February 9, 2007, prior to Petitioner's guilty plea, the government filed a Notice of Information, in accordance with 21 U.S.C. § 851(a), for the purpose of establishing Petitioner as a career offender under U.S.S.G. § 4B1.1 and enhancing Petitioner's sentence on Count 1. (Doc No. 1206-1 at 5-6; Doc No. 1210 at 11.)  The Notice of Information listed three prior convictions: attempted drug trafficking, in violation of O.R.C. §§ 2923.02/2925.03; drug abuse, in violation of ORC § 2925.11; and drug trafficking, in violation of O.R.C. § 2925.03. (Doc No. 1206-2 at 3.) In light of these prior convictions, this Court sentenced Petitioner to serve 168 months on Count 1 and 120 months on Count 91, to run concurrently, and three years of supervised release. (Doc. No. 1210 at 2.) Petitioner appealed the sentence, but his attorney filed an *Anders* Brief and the Sixth Circuit affirmed. (*Id.* at 3.)  In his § 2255 motion, Petitioner claims that his attorneys at sentencing and on appeal provided him with ineffective assistance in violation of the Sixth Amendment by failing to investigate and challenge the classification of his prior convictions that established him as a career offender and resulted in an enhanced sentence.

**II. Discussion**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner may move the court that imposed the sentence to vacate, set aside, or correct the sentence if (1) the

2

(1:06 CR 594; 1:10 CV 559)

court imposed the sentence in violation of the Constitution or federal law, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeded the maximum that the law allows, or (4) the sentence is otherwise subject to collateral attack. A defendant's claim that his counsel violated the Sixth Amendment's Counsel Clause is appropriate under § 2255 as a collateral attack on the defendant's sentence. *United States v. Wells*, 100 Fed. Appx. 440, 448 (6th Cir. 2004).

The Sixth Amendment's Counsel Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy . . . the Assistance of Counsel for his defense." U.S. Const. amend VI. The purpose of the Counsel Clause, and the Sixth Amendment in general, is to protect the defendant's right to a fair trial. *Strickland v Washington*, 466 U.S. 668 at 684-85, 104 S. Ct. 2052, 2063 (1984). The assistance of counsel advances this interest because "access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution.'" *Id.* at 685, 104 S. Ct. at 2063 (quoting *Adams v. United States ex. rel McCann*, 317 U.S. 269, 275-76, 63 S. Ct. 236, 240 (1942)). In order to ensure that defendant's counsel fulfills this role, rather than merely being "a person who happens to be a lawyer . . . at trial alongside the accused," *Id.,* the Supreme Court has interpreted the Counsel Clause to guarantee "the effective assistance of counsel." *Id* at 686, 104 S. Ct at 2063 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 n.14)

Two general situations can result in a violation of the defendant's right to the effective assistance of counsel. First, the government can interfere "with the ability of the defendant's counsel to make independent decisions about how to conduct the defense." *Id.* at 686, 104 S. Ct.

(1:06 CR 594; 1:10 CV 559)

at 2063. Second, the defendant's counsel can "fail[] to render 'adequate legal assistance,'" *Id.* at 686, 104 S. Ct. at 2064 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716 (1980)), resulting in "actual ineffectiveness." *Id.* Counsel's performance is "actually ineffective" when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* To make this showing, the defendant must demonstrate that counsel's performance was deficient and that such performance prejudiced the defense. *Id.*

In order for a court to deem counsel's performance deficient for the purpose of proving ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," by "identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 688, 690, 104 S. Ct at 2064, 2066. Because "[n]o particular set of detailed rules may satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant," courts "must be highly deferential" in evaluating counsel's performance, operating under "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-90, 104 S. Ct. at 2065-66.

Petitioner claims that his attorneys at sentencing and on appeal failed to investigate his prior convictions to learn that they were not sufficient to qualify him as a career offender under U.S.S.G. 4B1.1(a) for sentencing purposes. Subsection (a) of Section 4B1.1 provides:

> A defendant is a career offender if (1) the defendant was at least eighteen
> years old at the time the defendant committed the instant offense of

(1:06 CR 594; 1:10 CV 559)

> conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 of the Sentencing Guidelines defines a controlled substance offense for the purpose of § 4B1.1 as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, export, distribute, or dispense.

Count 1, Conspiracy to possess with intent to distribute cocaine base, clearly qualifies as a controlled substance offense. Therefore, if Petitioner had two prior felony convictions of either a crime of violence or a controlled substance offense, then he is a career offender and subject to enhanced sentencing on this count. The government concedes that Petitioner's drug abuse conviction is not sufficient to qualify as a felony conviction of a controlled substance offense, but also asserts that the Presentence Report did not use this conviction in its calculation of Petitioner's career offender status. (Doc. 1210 at 12.) The determination of Petitioner's career offender status, instead, was based upon his prior convictions of attempted drug trafficking and drug trafficking. Both of these convictions qualify as a "prior felony conviction[] of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. There can be no question that these prior convictions are felonies–they formed the basis of Petitioner's indictment on Count 91–or that they are controlled substance offenses as § 4B1.2 defines the term.

Section 4B1.2's clear definition of a "prior felony conviction[] of either a crime of violence or a controlled substance offense" makes it unreasonable to suggest that either

5

(1:06 CR 594; 1:10 CV 559)

Petitioner's trial attorney or his counsel on appeal were deficient in their representation of Petitioner. Unless counsel's performance was deficient, Petitioner cannot succeed on his Counsel Clause claim. In the absence of a deficient performance, then, it is unnecessary for the Court to consider whether counsel's assistance precluded a just result in this Court's sentencing of the Petitioner.

Accordingly, the Court finds that Petitioner has failed to demonstrate that his attorneys at sentencing and on appeal provided him with ineffective assistance of counsel and denies Petitioner's motion to vacate his sentence.

IT IS SO ORDERED.

| | |
|---|---|
| June 9, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |