DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Roy V. Tarver, ) | |
| ) | CASE NO. 1:11 CV 2717 |
| Petitioner-Defendant, ) | (Criminal Case No. 1:06 CR 594) |
| ) | |
| v. ) | O R D E R |
| ) | |
| Warden, FCI Elkton, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### I. Introduction

The Petitioner in this action before this court in Case No. 1:11 CV 2717 again argues that he was not a career offender when initially sentenced by Judge Aldrich in Case No. 1:06 CR 594, and is thus entitled to an order calling for re-sentencing because he was improperly sentenced by Judge Aldrich as a career offender.

The defendant was sentenced in the criminal case by the now deceased District Court Judge Ann Aldrich to a term of imprisonment for 168 months for conspiracy to possess with intent to distribute cocaine base (crack), and 120 months for possession of a firearm as a convicted felon with the sentences to be served concurrently. The sentences followed a determination by Judge Aldrich as a career offender. The defendant's appeal was unsuccessful.

Next the defendant sought relief under the provisions of 28 U.S.C. §2255. The undersigned judge was assigned to the Section 2255 action in Case No. 1:10 CV 559 as Judge Aldrich had died.

(1:11 CV 2717 and
(Crim. Case No. 1:06 CR 594))

The undersigned judge denied relief in Case No. 1:10 CV 559 and rejected the defendant's claim that he was not a career criminal as determined previously by Judge Aldrich and as summarized in his opinion in criminal case number 1:06 CR 594, Doc. 1228 as follows:.

> "... On February 9, 2007, prior to Petitioner's guilty plea, the government filed a Notice of Information, in accordance with 21 U.S.C. § 851(a), for the purpose of establishing Petitioner as a career offender under U.S.S.G. § 4B1.1 and enhancing Petitioner's sentence on Count I. (Doc. No. 1206-1 at 5-6; Doc. No. 1210 at 11.) The Notice of Information listed three prior convictions: attempted drug trafficking, in violation of O.R.C. §§ 2923.02/2925.03; drug abuse, in violation of O.R.C. 2925.11; and drug trafficking, in violation of O.R.C. § 2925.03. (Doc. No. 1206-2 at 3.) In light of these prior convictions, this Court[1] sentenced Petitioner to serve 168 months on Count I and 120 months on Count 91, to run concurrently, and [five] years[2] of supervised release. (Doc. No. 1210 at 2.) Petitioner appealed the sentence, but his attorney filed an *Anders* Brief and the Sixth Circuit affirmed. (*Id*. At 3.) In his § 2255 motion, Petitioner claims that his attorneys at sentencing and on appeal provided him with ineffective assistance in violation of the Sixth Amendment by failing to investigate and challenge the classification of his prior convictions that established him as a career offender and resulted in an enhanced sentence.
>
> "... Petitioner claims that his attorneys at sentencing and on appeal failed to investigate his prior convictions to learn that they were not sufficient to qualify him as a career offender under U.S.S.G. 4B1.1(a) for sentencing purposes. Subsection (a) of Section 4B1.1 provides:
>
>> "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time

---

[1] The defendant was sentenced by Judge Ann Aldrich.

[2] The original opinion quoted herein, Doc. 1228, erroneously stated the period of supervised release was 3 years, when in fact it is 5 years. See Judgment Entry, Doc. 1112.

2

(1:11 CV 2717 and
(Crim. Case No. 1:06 CR 594))

>> the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 of the Sentencing Guidelines defines a controlled substance offense for the purpose of § 4B1.1 as:

> "An offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, export, distribute, or dispense."

"Count 1, Conspiracy to possess with intent to distribute cocaine base, clearly qualifies as a controlled substance offense. Therefore, if Petitioner had two prior felony convictions of either a crime of violence or a controlled substance offense, then he is a career offender and subject to enhanced sentencing on this count. The government concedes that Petitioner's drug abuse conviction is not sufficient to qualify as a felony conviction of a controlled substance offense, but also asserts that the Presentence Report did not use this conviction in its calculation of Petitioner's career offender status. (Doc. 1210 at 12.) The determination of Petitioner's career offender status, instead, was based upon his prior convictions of attempted drug trafficking and drug trafficking. Both of these convictions qualify as a "prior felony conviction[] of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.2 defines the term.

"Section 4B1.2's clear definition of a "prior felony conviction[] of either a crime of violence or a controlled substance offense" makes it unreasonable to suggest that either Petitioner's trial attorney or his counsel on appeal were deficient in their representation of Petitioner. Unless counsel's performance was deficient, Petitioner cannot succeed on his Counsel Clause claim. In the absence of a

3

(1:11 CV 2717 and
(Crim. Case No. 1:06 CR 594))

> deficient performance, then, it is unnecessary for the Court to consider whether counsel's assistance precluded a just result in this Court's sentencing of the Petitioner.
>
> "Accordingly, the Court finds that Petitioner has failed to demonstrate that his attorneys at sentencing and on appeal provided him with ineffective assistance of counsel and denies Petitioner's motion to vacate his sentence."

The petitioner's appeal from the denial of relief in Case No. 1:10 CV 559 was unsuccessful.

## II. The Pending Action

The petitioner, aided by counsel, now seeks a re-sentencing by his newest action filed pursuant to 28 U.S.C. § 2241.[3] The predicate for this newest action is a claim of actual innocence, not to his conviction, but as to his sentence.

For the reasons set forth in the well-reasoned brief filed by government's counsel, the Court finds that the provisions of 28 U.S.C. § 2241 do not apply to the Petitioner, and his request for an order providing for a re-sentencing is DENIED. By a separate order, the Court will publish an order denying relief and dismissing the action.

IT IS SO ORDERED.

  March 19, 2012                           /s/ David D. Dowd, Jr.
Date                                       David D. Dowd, Jr.
                                           U.S. District Judge

---

[3]Case No. 1:11 CV 2717, Doc. 1.