DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:06 CR 594 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Roy Tarver, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Counsel for the defendant has moved the Court to apply the Fair Sentencing Act of 2010 resulting in United States Sentencing Guideline Amendment 750 to the defendant and reduce his sentence accordingly. ECF 1508.

On March 9, 2007, the defendant pled guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) as charged in count 1 and also pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in count 91. As a part of his plea agreement, the defendant stipulated that the amount of crack cocaine was between 50 to 150 grams. As part of the plea agreement, the parties agreed that this amount of crack cocaine resulted in a base offense level of 32. The parties also agreed that the defendant was a career offender increasing his base offense level from 32 to 37. The defendant then received a three-level reduction for acceptance of responsibility and a four-level reduction for substantial assistance, resulting in a total offense level of 30 and coupled with a criminal history category VI led to a sentencing guideline range from 168 to 210 months. The defendant received a sentence of 168 months for the crack cocaine conviction and 120 months for the felon in

(1:06 CR 594)

possession with the sentences to be served concurrently.

Counsel for the defendant now argues that due to the Fair Sentencing Amendment and the decision in *Freeman v. United States*, 131 S.Ct. 2685 (2011) that the defendant is now entitled to a reduction of his guideline sentencing range for the crack cocaine conviction to 130 to 162 months and argues for a reduction accordingly.

The Court agrees with counsel for the defendant that the revised sentencing guideline range is now 130 to 162 months based on a total offense level of 27 and a criminal history category VI.

Even though a defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction in sentence is not automatic.

A district court's discretion is set forth in Section 3582(c)(2) itself, which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant ... the court **may** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission (Emphasis added.)

In making its determination whether it will impose an amended sentence or retain the original sentence, "the court shall consider the factors set forth in 18 U.S.C. § 3553(a)." U.S.S.G. § 1B1.10 appl. Note 1(B)(i). The court must also evaluate public safety concerns:

2

(1:06 CR 594)

U.S.S.G. § 1B1.10 Appl.  Note 1(B)(ii).  The court may, however, consider post-sentencing conduct:

> Post-sentencing conduct - The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining:  (1) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 Appl.  Note 1(B)(iii).  Whereas district courts are required to evaluate public safety considerations, district courts may consider post-sentencing conduct and certainly are not required to grant a defendant's sentence reduction, as that decision is discretionary.  18 U.S.C. § 3582(c)(2); Usery, 109 F.3d at 1137.

The Court has reviewed the presentence report of the defendant Tarver.  The Court notes that his criminal history begins at paragraph 48 of the presentence report and is completed at paragraph 58.  The calculation of the defendant's criminal history category included two points for attempted drug trafficking with violence specifications (see paragraph 50).

An additional two points arose from the defendant's conviction for drug abuse in 1994.  Shortly thereafter, the defendant received three additional criminal history points for two counts of drug trafficking in 1995 (see paragraph 52).  Thereafter, the defendant had two additional points added to his criminal history calculation for two convictions of operating a vehicle while under the influence, both in 1999.

In short, the defendant has a history of drug abuse giving rise to concerns of additional drug abuse once released.

After considering the defendant's criminal history, the materials submitted in his behalf

(1:06 CR 594)

by family members, the Court has come to the conclusion that a reduced sentence of 130 months for the crack cocaine violation will be appropriate. The Court will publish a separate order reducing his crack cocaine sentence to 130 months with supervised release for a period of five years. Additionally, the defendant shall be required to serve 120 months for the felon in possession conviction with the two sentences to be served concurrently.

      IT IS SO ORDERED.

| | |
|---|---|
| November 8, 2012 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |